**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**_____ DIVISION**

| | |
|---|---|
| WHITE STAR PETROLEUM HOLDINGS, LLC LITIGATION TRUST, <br><br> *Plaintiff,* <br><br> v. <br><br> THE ENERGY & MINERALS GROUP LP, JOHN T. RAYMOND, ELLIOT J. CHAMBERS, SCOTT R. MUELLER, LOUIS JOHN SCHAUFELE IV, LAURA A. TYSON, EMG WHITE STAR HOLDINGS LLC, EMG LIGHTHOUSE HOLDINGS LLC, EMG FUND III MANAGEMENT LP, THE ENERGY & MINERALS GROUP FUND III LP, EMG FUND III GP LP, EMG FUND II MANAGEMENT LP, EMG FUND II GP LP, THE ENERGY & MINERALS GROUP FUND II LP, <br><br> *Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1452(a), Southern District of Texas General Order 2012-6, and

Southern District of Texas Local Bankruptcy Rule 9027-1, Defendants The Energy & Minerals

Group, LP ("EMG"); John T. Raymond; Louis John Schaufele IV; Laura A. Tyson; EMG White

Star Holdings, LLC ("EMG White Star Holdings"); EMG Lighthouse Holdings, LLC; EMG Fund

III Management, LP; The Energy & Minerals Group Fund III, LP; EMG Fund III GP, LP; EMG

Fund II Management, LP; EMG Fund II GP, LP; The Energy & Minerals Group Fund II, L.P.

(collectively the "EMG Defendants"); Elliot J. Chambers and Scott R. Mueller (the "Non-EMG

Directors) (collectively with the EMG Defendants, the "Defendants"), within the time prescribed

by law, file this Notice of Removal of Cause No. 2021-14556 in the 270th Judicial District Court

of Harris County, Texas (the "Litigation Trustee Action") to the United States Bankruptcy Court

for the Southern District of Texas, Houston Division.

The Litigation Trustee Action is brought through trustee Harold Kaplan (the "Plaintiff

Trustee"), on behalf of the White Star Petroleum Holdings, LLC Litigation Trust, which was

created in the White Star Petroleum Holdings, LLC Bankruptcy Proceeding[1] by the Plan of

Liquidation.[2] This Court has jurisdiction over the Litigation Trustee Action because federal courts

have "related to" subject matter jurisdiction pursuant to 28 U.S.C. § 1334 over any proceeding that

"could conceivably affect [an] estate being administered in bankruptcy." *Edge Petroleum*

*Operating Co. v. GPR Holdings, L.L.C. (In re TXNB Internal Case)*, 483 F.3d 292, 298 (5th Cir.

2007) (citing *Arnold v. Garlock, Inc.*, 278 F.3d 426, 434 (5th Cir. 2001)). Additionally, the Plan

of Liquidation specifically provides that "the Bankruptcy Court shall retain its existing exclusive

jurisdiction over all matters arising in or out of, or related to, these [Bankruptcy Proceedings] or

the Plan." The Litigation Trustee Action, like other bankruptcy litigation trustee actions, will affect

the Debtors' estate and creditor recoveries in the Bankruptcy Proceeding, and is therefore "related

to" a case under Title 11 of the United Sates Code, giving this Court jurisdiction over the Litigation

Trustee Action.

## I. BACKGROUND

1. On March 12, 2021, Plaintiff Trustee brought suit against Defendants in the 270th

Judicial District Court of Harris County, Texas.

2. Under the Plan of Liquidation, the Debtors' "wind down" estate assumed certain

insurance policies covering potential liability for actions of the Debtors' former directors and

---

[1] *See In re White Star Petroleum Holdings, LLC, et al.*, Case No. 19-12521-JDL (Bankr. W.D. Okla.) (the "Bankruptcy Proceeding").

[2] *See Notice of Revised Chapter 11 Plan of Liquidation* [Bankruptcy Proceeding No. 1007] (the "Plan of Liquidation").

officers and authorized the Plaintiff Trustee to investigate and pursue potential claims covered under those policies (but only up to the policy limits).[3]

3.      In *Plaintiff White Star Petroleum Holdings, LLC Litigation Trust's Original Petition* [Litigation Trustee Action, Dkt. No. 1] (the "Petition"), Plaintiff Trustee brings claims against Defendants for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, gross negligence and willful misconduct, common law fraud/fraudulent concealment, negligent misrepresentation, breach of contract, tortious interference, statutory fraud, securities fraud under the Texas Securities Act and/or the Delaware Securities Act, control person liability under the Texas Securities Act and/or the Delaware Securities Act, aiding liability under the Texas Securities Act and/or the Delaware Securities Act, and civil conspiracy.

4.      Defendants were served with the Petition on April 1, 2021. *See Rule 11 Agreement*, attached hereto as Exhibit 1.

## II.      REMOVAL IS PROCEDURALLY PROPER

5.      Venue is proper in this district under section 1452 because "any claim or cause of action" may be removed "to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).  The Southern District of Texas has jurisdiction under section 1334 because the Litigation Trustee Action is pending in the 270th Judicial District Court of Harris County, a district court within the Southern District of Texas, and is related to the chapter 11 Bankruptcy Proceeding.  Pursuant to Southern District of Texas General Order 2012-06 and 28 U.S.C. § 157(a), "[b]ankruptcy cases and proceedings arising under Title 11 or arising in or related to a case under

---

[3] Plan of Liquidation, §§ 5.6, 10.11.

Title 11 of the United Sates Code are automatically referred to the bankruptcy judges of this district . . . ."

6.      The Bankruptcy Proceeding constitutes a Complex Case pursuant to Southern District of Texas Bankruptcy General Order 2018-06 and the Procedures for Complex Cases in the Southern District of Texas, because the Bankruptcy Proceeding had over 50 parties-in-interest and over $10 million in liabilities.  Further, the Plaintiff Trustee alleges over $45 million in damages in the Litigation Trustee Action.  *See* Plaintiff Trustee's Petition ¶ 98 ("This damage includes, but is not limited to, at least $45 million, the amount that Defendants caused White Star to overpay for Lighthouse.")

7.      Removal is timely pursuant to 28 U.S.C. § 1446(b) because Defendants filed this Notice of Removal within thirty (30) days of April 1, 2021, the date of service of Plaintiff Trustee's Petition.

8.      All defendants have consented to removal under 28 U.S.C. § 1452, as indicated by their signatures herein.

9.      Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a copy of this Notice of Removal with the Clerk of the 270th Judicial District Court of Harris County, Texas and providing Plaintiff Trustee with written notice thereof.

10.     True and correct copies of all materials in the Litigation Trustee Action that are required to be submitted with this Notice of Removal pursuant to Federal Rule of Bankruptcy Procedure 9027(1), S.D. Tex. Local Rule 81, and S.D. Tex. Bankruptcy Local Rule 9027-1(b) are attached and incorporated herein by reference.  *See* Exhibit 1 – Rule 11 Agreement waiving executed process; Exhibit 2 – State court pleadings asserting causes of action; Exhibit 3 – Docket sheet in Litigation Trustee Action; Exhibit 4 – Index of materials submitted with Notice of

Removal; <u>Exhibit 5</u> – List of counsel of record, including addresses, telephone numbers and parties represented.

11.     The state court judge has not signed any orders in the Litigation Trustee Action, and the Defendants have not yet answered Plaintiff Trustee's Petition.

12.     All parties have waived service of process in the Litigation Trustee Action pursuant to the Rule 11 Agreement.

13.     As required by Federal Rule of Bankruptcy Procedure 9027(a)(1), Defendants state that the claims asserted against it are non-core, within the meaning of 28 U.S.C. § 157(b), and Defendants consent to entry of final orders or judgment by the bankruptcy judge.

14.     White Star Petroleum Holdings, LLC Litigation Trust's address is One Leadership Square, 15th Floor, 211 N. Robinson, Oklahoma City, OK 73102, (405) 235-5500.  White Star Petroleum Holdings, LLC Litigation Trust is represented by Andrew S. Hicks, Adam M. Dinnell, and Bryan E. Zubay of Schiffer Hicks Johnson, PLLC, 700 Louisiana St., Suite 2650, Houston, Texas 77002, (713) 357-5150.

15.     The Energy & Minerals Group, LP's address is 2229 San Felipe Street, Suite 1300, Houston, TX 77019.  The Energy & Minerals Group, LP is represented by Marty L. Brimmage, Jr., M. Scott Barnard, and Lacy M. Lawrence of Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field Street, Suite 1800, Dallas, Texas 75201, (214) 969-2800.

16.     John T. Raymond's address is 2229 San Felipe Street, Suite 1300, Houston, TX 77019.  John T. Raymond is represented by Marty L. Brimmage, Jr., M. Scott Barnard, and Lacy M. Lawrence of Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field Street, Suite 1800, Dallas, Texas 75201, (214) 969-2800.

17.     Louis John Schaufele IV's address is 3641 Greenbrier Drive, Dallas, Texas 75225¬5106.  Louis John Schaufele IV is represented by Marty L. Brimmage, Jr., M. Scott Barnard, and Lacy M. Lawrence of Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field Street, Suite 1800, Dallas, Texas 75201, (214) 969-2800.

18.      Laura A. Tyson's address is 2229 San Felipe Street, Suite 1300, Houston, TX 77019.  Laura A. Tyson is represented by Marty L. Brimmage, Jr., M. Scott Barnard, and Lacy M. Lawrence of Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field Street, Suite 1800, Dallas, Texas 75201, (214) 969-2800.

19.     EMG White Star Holdings, LLC's address is 2229 San Felipe Street, Suite 1300, Houston, TX 77019.  EMG White Star Holdings, LLC is represented by Marty L. Brimmage, Jr., M. Scott Barnard, and Lacy M. Lawrence of Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field Street, Suite 1800, Dallas, Texas 75201, (214) 969-2800.

20.     EMG Lighthouse Holdings, LLC's address is 2229 San Felipe Street, Suite 1300, Houston, TX 77019.  EMG Lighthouse Holdings, LLC is represented by Marty L. Brimmage, Jr., M. Scott Barnard, and Lacy M. Lawrence of Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field Street, Suite 1800, Dallas, Texas 75201, (214) 969-2800.

21.     EMG Fund III Management, LP's address is 2229 San Felipe Street, Suite 1300, Houston, TX 77019.  EMG Fund III Management, LP is represented by Marty L. Brimmage, Jr., M. Scott Barnard, and Lacy M. Lawrence of Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field Street, Suite 1800, Dallas, Texas 75201, (214) 969-2800.

22.     The Energy & Minerals Group Fund III, LP's address is 2229 San Felipe Street, Suite 1300, Houston, TX 77019.  The Energy & Minerals Group Fund III, LP is represented by

Marty L. Brimmage, Jr., M. Scott Barnard, and Lacy M. Lawrence of Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field Street, Suite 1800, Dallas, Texas 75201, (214) 969-2800.

23.   EMG Fund III GP, LP's address is 2229 San Felipe Street, Suite 1300, Houston, TX 77019.  EMG Fund III GP, LP is represented by Marty L. Brimmage, Jr., M. Scott Barnard, and Lacy M. Lawrence of Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field Street, Suite 1800, Dallas, Texas 75201, (214) 969-2800.

24.   EMG Fund II Management, LP's address is 2229 San Felipe Street, Suite 1300, Houston, TX 77019.  EMG Fund II Management, LP is represented by Marty L. Brimmage, Jr., M. Scott Barnard, and Lacy M. Lawrence of Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field Street, Suite 1800, Dallas, Texas 75201, (214) 969-2800.

25.   EMG Fund II GP, LP's address 2229 San Felipe Street, Suite 1300, Houston, TX 77019.  EMG Fund II GP, LP's is represented by Marty L. Brimmage, Jr., M. Scott Barnard, and Lacy M. Lawrence of Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field Street, Suite 1800, Dallas, Texas 75201, (214) 969-2800.

26.   The Energy & Minerals Group Fund II, LP's address is 2229 San Felipe Street, Suite 1300, Houston, TX 77019.  The Energy & Minerals Group Fund II, LP is represented by Marty L. Brimmage, Jr., M. Scott Barnard, and Lacy M. Lawrence of Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field Street, Suite 1800, Dallas, Texas 75201, (214) 969-2800.

27.   Elliot J. Chambers' address is 204 N. Robinson, Suite 900 Oklahoma City, Oklahoma 73102.  Elliot J. Chambers is represented by Kathy D. Patrick of Gibbs & Bruns LLP, 1100 Louisiana Street, Suite 5300, Houston, Texas 77002, (713) 751-5253 and Thomas C. White of Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004-2498, (212) 558-4000.

28.    Scott R. Mueller's address is 301 NW 63, Suite 400 Oklahoma City, Oklahoma 73116.  Scott R. Mueller is represented by Kathy D. Patrick of Gibbs & Bruns LLP, 1100 Louisiana Street, Suite 5300, Houston, Texas 77002, (713) 751-5253 and Thomas C. White of Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004-2498, (212) 558-4000.

### III.    GROUNDS FOR REMOVAL

29.    As discussed above, section 1452 allows defendants to "remove any claim or cause of action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  28 U.S.C. § 1452(a).  Section 1334 grants this Court original jurisdiction over all civil proceedings "related to cases under title 11."  28 U.S.C. § 1334(b); *see also* 28 U.S.C. § 157(a); S.D. Tex. Gen. Order No. 2012-6 (2012).

30.    "[A] proceeding properly invokes federal 'related to' jurisdiction [if] the outcome of the proceeding could conceivably affect the estate being administered in bankruptcy."  *In re TXNB Internal Case*, 483 F.3d at 298.  "Certainty" that the outcome of the proceeding will affect the estate "is unnecessary."  *Id.*  Rather, "an action is 'related to' bankruptcy if the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate."  *Id.*  Further, "[p]ost-confirmation subject-matter jurisdiction exists over 'matters pertaining to the implementation or execution of the plan.'"  *In re Hous. Reg'l Sports Network, L.P.*, 547 B.R. 717, 735–36 (Bankr. S.D. Tex. 2016) (quoting *Bank of La. v. Craig's Stores of Tex., Inc. (In re Craig's Stores of Tex.)*, 266 F.3d 388, 390 (5th Cir. 2001)).

31.    The Litigation Trustee Action, is by its very nature related to the Bankruptcy Proceeding.  *Id.* at 736 (quoting *Binder v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)*, 372

F.3d 154, 167 (3d Cir. 2004)) (noting that cases involving litigation trusts like the one here "maintain a connection to the bankruptcy even after the plan has been confirmed because they often play a central role in the implementation of the plan"). While "litigation trusts must maintain a close nexus to the bankruptcy case to satisfy jurisdictional requirements . . . . [m]atters that affect the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus." *Id.* (citations omitted). Here, as in the *In re Houston Regional* case, the causes of action alleged occurred prior to confirmation and recovery from this lawsuit would be for the benefit of creditors. *Id.* (citing *Astropower Liquidating Tr. v. Xantrex Tech., Inc.*, 335 B.R. 309, 323 (Bankr. D. Del. 2005)) (finding that post-confirmation jurisdiction existed where the causes of action pursued by a liquidation trust were "both logically linked to the Debtor's prepetition losses, and entrusted to the Plaintiff *via the Plan for the benefit of creditors*") (emphasis in original).

32.    In fact, as Plaintiff Trustee concedes in the Petition, the litigation trust was specifically created for the benefit of creditors with certain allowed unpaid claims against the Debtors' estate, including specifically "any claim or cause of action related to, or in connection with, the debtors' acquisition of Lighthouse Oil & Gas LP." Pet. ¶ 8; *see also Notice of Filing of Plan Supplement at Exhibit 3, Preserved Potential Claims Schedule* [Bankruptcy Proceeding, Dkt. No. 1093]. These are the exact claims contemplated by the Bankruptcy Proceeding's Plan of Liquidation and Litigation Trust Agreement,[4] which were confirmed by the Confirmation Order.[5] The resolution of the Litigation Trustee Action therefore directly impacts the Debtors' estate in the

---

[4] *See Notice of Further Amended Litigation Trust Agreement* [Bankruptcy Proceeding Dkt. No 1148] (the "Litigation Trust Agreement").

[5] *See Findings of Fact, Conclusions of Law and Order Confirming the Joint Chapter 11 Plan of Liquidation of White Star Petroleum Holdings, LLC and Its Debtor Affiliates* [Bankruptcy Proceeding Dkt. No. 1152] (the "Confirmation Order").

Bankruptcy Proceeding as well as the amount of recovery for certain creditors in the Bankruptcy Proceeding.  Further, the Plan of Liquidation here expressly provides that "the Bankruptcy Court shall retain its existing exclusive jurisdiction over all matters arising in or out of, or related to, these [Bankruptcy Proceedings] or the Plan."  As such, the Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b).

## IV.    JURY DEMAND

33.    Plaintiff Trustee demanded a jury in the Litigation Trustee Action.

## V.    CONCLUSION

For the foregoing reasons, Defendants have met the requirements for removal.  By filing this Notice of Removal, Defendants do not waive the right to assert any defenses and/or objections to which they are entitled.

Dated: April 26, 2021


DocuSigned by:
*Kathy Patrick*
C12E4DB569EE46F...

**GIBBS & BRUNS LLP**
Kathy D. Patrick
Southern District No. 7075
TX Bar No. 15581400
1100 Louisiana Street, Suite 5300
Houston, Texas 77002
Telephone: (713) 751-5253
Facsimile: (713) 750-0903
kpatrick@gibbsbruns.com

- and –

**SULLIVAN & CROMWELL LLP**
Thomas C. White
125 Broad Street
New York, New York 10004-2498
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
whitet@sullcrom.com

*Attorneys for Non-EMG Directors*

Respectfully Submitted,

Marty L. Brimmage, Jr.
Digitally signed by: Marty L. Brimmage, Jr.
DN: CN = Marty L. Brimmage, Jr.  email = mbrimmage@akingump.com C = US O = Akin Gump Strauss Hauer Feld LLP
Date: 2021.04.25 15:20:37 -05'00'

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Marty L. Brimmage, Jr.
Southern District No. 30464
TX Bar No. 00793386
M. Scott Barnard
Southern District No.  22873.
TX Bar No. 24001690
Lauren E. York
Southern District No. 3633012
TX Bar No. 24098647
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile:  (214) 969-4343
mbrimmage@akingump.com
sbarnard@akingump.com
lyork@akingump.com

*Attorneys for the EMG Defendants*

## Certificate of Service

I certify that on April 26, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

Marty L. Brimmage, Jr.

Digitally signed by: Marty L. Brimmage, Jr.
DN: CN = Marty L. Brimmage, Jr.  email = mbrimmage@akingump.com C = US O = Akin Gump Strauss Hauer Feld LLP
Date: 2021.04.25 15:21:00 -05'00'

Marty L. Brimmage, Jr.
